UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HAROLD GODBOLT,**

   Movant,

v.                                                   No. 4:25-cv-0725-P
                                                        (No. 4:19-cr-0190-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Harold Godbolt under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

### BACKGROUND

On June 11, 2019, Movant was named in a two-count indictment charging him in count one with interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) & 2, and in count two with brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. CR ECF No.[1] 11. Movant failed to appear for arraignment on June 19, 2019, and absconded. CR ECF No. 49, ¶ 5. He was not arrested until April 2023. *Id.* ¶ 6.

Movant and his counsel signed a plea agreement including waiver of right to appeal reflecting that Movant agreed to plead guilty to count one of the indictment and the government agreed to dismiss the remaining charge against him. CR ECF No. 43. The plea agreement set forth the maximum sentence Movant faced, the Court's sentencing discretion, that the plea (including the waiver of right to appeal or otherwise challenge the sentence) was freely and voluntarily made, and that Movant had thoroughly reviewed all legal and factual aspects of the

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-cr-0190-P.

case with counsel and was fully satisfied with his legal representation. *Id.* He also signed a factual resume that set forth the penalties he faced, the elements of the offense to which he was pleading guilty, and the stipulated facts establishing that he had committed that offense. CR ECF No. 42.

On June 21, 2023, Movant appeared in open court for arraignment on the indictment and testified under oath that: he understood that the Court would not be bound by the stipulated facts and might take into account other facts; he had received, read, and understood the charges against him; he understood the essential elements of count one and had committed each of them; he was fully satisfied with the legal representation and advice he had received from counsel; he read, fully understood, and signed the plea agreement; he read and fully understood the waiver of appeal paragraph in the plea agreement and discussed it with counsel; he knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; all of the terms of the agreement were set forth in the plea agreement and he voluntarily and of his own free will entered into it; no one had made any promise or assurance or threat of any kind to induce him to enter into the plea agreement; he understood the penalties he faced; and, he read, understood, and signed the factual resume and all of the facts stated were true and correct. CR ECF No. 73.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 20. CR ECF No. 49, ¶ 31. He received a six-level increase because a firearm was otherwise used during the robbery, *id.* ¶ 32, a four-level increase for abduction during the robbery, *id.* ¶ 33, and a one-level increase for total loss amount. *Id.* ¶ 34. He also received a two-level increase for obstruction of justice. *Id.* ¶ 37. Based on a total offense level of 33 and a criminal history category of II, his guideline imprisonment range was 155 to 188 months. *Id.* ¶ 85. The PSR also included a discussion of factors that might warrant departure, *id.* ¶ 98, and factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 99. Movant filed objections, CR ECF No. 51, and the government responded. CR ECF No. 52. The probation officer prepared an addendum to the PSR. CR ECF No. 53. Movant filed

objections to the addendum. CR ECF No. 55. He also filed a sentencing memorandum and motion for downward variance. CR ECF No. 57.

The Court sentenced Movant to a term of imprisonment of 200 months. CR ECF No. 64. Movant appealed, CR ECF No. 66, despite having waived the right to do so. CR ECF No. 43, ¶ 13. Counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Movant did not file a response. The United States Court of Appeals for the Fifth Circuit concurred that the case presented no nonfrivolous issues and dismissed the appeal. *United States v. Godbolt*, No. 23-11073, 2024 WL 3274785 (5th Cir. July 7, 2024).

## GROUNDS OF THE MOTION

Movant asserts eight grounds in support of his motion:

(1) Counsel rendered ineffective assistance in failing to advise Movant that he could withdraw his plea after reviewing the PSR. ECF No.[2] 6 at 4.[3]

(2) Judicial confusion and due process violations. *Id.* at 5.

(3) Rule 11 violations. *Id.* at 7.

(4) Appeal waiver does not bar challenges to legality of the sentence. *Id.* at 8.

(5) Unwarranted sentencing disparity. *Id.* at 9.

(6) Status points. *Id.*

(7) Improper application of abduction enhancement. *Id.* And,

(8) Loss amount enhancement despite full recovery of property. *Id.*

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

[3] The page number references to the motion are to "Page __ of 17" reflected at the top right portion of the document on the Court's electronic filing system.

## APPLICABLE LEGAL STANDARDS

### A.  § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be

4

substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In support of his first ground, Movant alleges that counsel rendered ineffective assistance in failing to advise Movant of his right to withdraw his guilty plea after reviewing the PSR. ECF No. 6 at 4. However, a defendant does not have an absolute right to withdraw a guilty plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). To be allowed to withdraw his plea, a defendant must establish a fair and just reason for doing so. *United States v. Landreneau*, 967 F.3d 443, 449 (5th Cir. 2020). The court considers seven factors: (1) whether the defendant asserted his actual innocence; (2) whether the withdrawal would prejudice the government; (3) the extent of the delay, if any, in filing the motion to withdraw the plea; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) the extent to which withdrawal would waste judicial resources. *United States v. Lord*, 915 F.3d 1009, 1014 (5th Cir. 2019) (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)). Movant does not address any of the factors, probably because none of them would have favored his being allowed to withdraw the plea. He has not shown that he received ineffective assistance.

In his second ground,[4] Movant alleges that the undersigned "demonstrated significant confusion about basic facts of the case and improperly referenced nonexistent trial information." ECF No. 6 at 5. The allegation is wholly conclusory and is insufficient to raise a constitutional issue. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). In any event, the record reflects that any "confusion" that might have existed was cleared up at sentencing. CR ECF No. 71 at 5–7.

Movant's third and fourth grounds appear to be related to the first. In ground three, he alleges that he did not have full understanding of his rights in order to knowingly and voluntarily enter into the plea agreement. ECF No. 6 at 7. In the fourth ground, he alleges that the appeal waiver does not bar challenges to the legality of his sentence, again alleging that his plea was not knowing and voluntary (apparently based on the first ground). *Id.* at 8. Any contention that Movant's plea (including the appeal waiver) was not knowing and voluntary is wholly belied by the record. Movant's plea agreement, CR ECF No. 43, and factual resume, CR ECF No. 42, are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). His solemn declarations in open court, admitting among other things that he understood the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has not shown that there is a reasonable probability that, but for counsels' alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). His own *ipse dixit* is insufficient to meet this burden. *See Lee v. United States*, 582 U.S. 357, 369 (2017).

---

[4] As discussed, *infra*, this ground was waived by the plea agreement.

Pursuant to Movant's plea agreement, he waived the right to appeal or bring a collateral proceeding, such as this one, except to contest a sentence exceeding the statutory maximum punishment or an arithmetic error, to challenge the voluntariness of his plea or the waiver, and to bring a claim of ineffective assistance of counsel. CR ECF No. 43, ¶ 13. Thus, Movant waived his right to pursue grounds two, five, six, seven, and eight. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Heredia*, 68 F.3d 468, 1995 WL 581683, at *1–*2 (5th Cir. 1995). For the reasons discussed by the government, Movant could not have prevailed on these claims in any event. ECF No. 10 at 12–15.

Grounds six, seven, and eight are challenges to the Court's application of the sentencing guidelines and are not cognizable in a § 2255 proceeding. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Even if they were, they have no merit.

The sentencing disparity factor (the subject of the fifth ground) is aimed at national disparities, not disparities between codefendants. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Moreover, the disparity in sentencing of Movant and his brother was proper because they were not similarly situated. They pled guilty to different robberies. Movant's involved the abduction of a victim. Further, Movant absconded for three years. CR ECF No. 71.

As for status points (the subject of the sixth ground), the Court reduced Movant's criminal history from category II to category I based on upcoming guideline amendments. CR ECF No. 71 at 9–12.

The four-level abduction enhancement (the subject of the seventh ground) was proper under Fifth Circuit precedent. *United States v. Johnson*, 619 F.3d 469, 474 (5th Cir. 2010). So was the loss enhancement (the subject of the eighth ground). Movant was not entitled to have the loss amount be offset by the amount recovered. *United States v. McCarty*, 36 F.3d 1349, 1361 (5th Cir. 1994).

Finally, the Court notes that Movant's reply, ECF No. 11, is subject to being stricken as it vastly exceeds the ten-page limit. LOCAL CIVIL R. 7.2(c). Moreover, it is not limited, as required, to a reply only to the

7

government's arguments. ECF No. 8 at 2. To the extent Movant raises new issues in his reply, the Court is not considering them. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Nor is the Court considering the motion as one seeking relief under 18 U.S.C. § 3582(c).

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **22nd day** of **December 2025.**

_____
**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE